UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

MARINA IVANOVA, an individual,

     Plaintiff,

vs.

SOUTH BEACH GROUP HOTELS INC.,
a Florida Corporation, and CATALINA HOTEL, LLC,
a Florida Limited Liability Company,

     Defendants.

_____/

## **COMPLAINT**

1.    Plaintiff, MARINA IVANOVA ("Plaintiff" and "IVANOVA"), was an employee of Defendants, SOUTH BEACH GROUP HOTELS INC., a Florida Corporation, and CATALINA HOTEL, LLC, a Florida Limited Liability Company (collectively referred to as "Defendants" and "CATALINA"), and Plaintiff brings this action against Defendants for disability/handicap discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553 ("ADAAA"), and the Florida Civil Rights Act, F.S. §760.01 *et seq*.

2.    IVANOVA is an individual who at all times material to this Complaint resided in Miami-Dade County, Florida, within the jurisdiction of this Court.

3.    At all times material to this action, Defendants, SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC, have owned, operated, and/or managed a hotel business including the CATALINA HOTEL located at 1732 Collins Avenue, Miami Beach,

Florida 33139 at which IVANOVA was employed by Defendants as a Front Office Manager, in Miami-Dade County, Florida within the jurisdiction of this Court.

4.      At all times material to this action, Defendants, SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC, directly or indirectly, acted in the interest of an employer toward IVANOVA, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.  Alternately, Defendants, SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of IVANOVA because each, respective division, subsidiary, or affiliate of Defendants acted directly or indirectly in the interest of the other in relation to Plaintiff.  As a second alternative, Defendants, SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of IVANOVA because they commonly controlled the terms of compensation and employment of Plaintiff.  As a final alternative, Defendants, SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward IVANOVA all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.

5.      Jurisdiction is conferred on this Court by 28 U.S.C. §1331, §1332, §1337 and §1367, and 42 U.S.C. §12101 *et seq*.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County,

Florida within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7.     In or around April 2021, IVANOVA was interviewed by both Hector Pachon, Defendants' General Manager of the CATALINA HOTEL, and Chris Rollins, Defendants' Chief Operating Officer of SOUTH BEACH GROUP HOTELS INC., for the position of Front Office Manager.

8.     In or around April 2021, CATALINA hired IVANOVA as Front Office Manager at Defendants' CATALINA HOTEL based upon an annual salary of approximately $50,000 per year.

9.     During the first week of IVANOVA's employment with CATALINA in late April 2021, Plaintiff was diagnosed with breast cancer.

10.     At all times material to this action, IVANOVA was an "employee" of Defendants, SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC, within the meaning of the ADAAA, 42 U.S.C. §12111(4), and the FCRA, F.S. §760.10(1)(a).

11.     At all times material to this action, Defendants, SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC, constituted an "employer" or joint employer of IVANOVA within the meaning of the ADAAA, 42 U.S.C. §12111(5), and the FCRA, F.S. §760.02(7), because Defendants were a business engaged in interstate commerce and had Fifteen (15) or more employees in each of Twenty (20) or more calendar weeks in the year 2021 or the preceding year.

12.     At all times material to this action, including but not limited to between April 2021 and June 2021, IVANOVA was an individual with one or more chronic medical (physiological) conditions, namely breast cancer, within the meaning of the ADAAA and FCRA.

13.     At all times material to this action, including but not limited to between April 2021 and June 2021, IVANOVA suffered from a "physical impairment" within the meaning of the ADA, 29 C.F.R. §1630.2(h)(1), as a result of IVANOVA's breast cancer and resulting medical issues, including but not limited to, Plaintiff suffering from one or more physiological disorders or conditions affecting one or more of IVANOVA's major bodily functions, including but not limited to Plaintiff's hemic, lymphatic, and immune systems.

14.     At all times material to this action, including but not limited to between April 2021 and June 2021, IVANOVA was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i), including but not necessarily limited to (a) the operation of one or more of Plaintiff's major bodily functions including but not necessarily limited to functioning of IVANOVA's hemic, lymphatic, and immune systems, as a result of which IVANOVA ultimately underwent multiple surgeries in 2021—including but not necessarily limited to the removal of lymph nodes—as well as approximately fifteen (15) Radiation treatments; and (b) (i) caring for oneself; (ii) performing manual tasks; (iii) reaching; and (iv) lifting.

15.     Between April 2021 and June 2021, IVANOVA's primary duties as Front Office Manager for CATALINA consisted of: (a) managing the front desk of the CATALINA HOTEL's more than 190 hotel rooms; (b) supervising front desk, bellman, and and security personnel; (c) handling guest requests, needs, and complaints; and (d) facilitating large/high profile events and emergency situations.

16.     Between April 2021 and June 2021, IVANOVA successfully carried out her essential job duties as Front Office Manager for Defendants at the CATALINA HOTEL, during which time Plaintiff reported to: (a) Hector Pachon, Defendants' General Manager of the

4

CATALINA HOTEL, as Plaintiff's immediate supervisor; and (b) Chris Rollins, Defendants' Chief Operating Officer of SOUTH BEACH GROUP HOTELS INC.

17.     In approximately late May 2021, IVANOVA notified Hector Pachon that Plaintiff would be undergoing outpatient surgery on June 9, 2021, which surgery was for IVANOVA's breast cancer.

18.     On or around June 7, 2021, IVANOVA underwent testing in advance of outpatient surgery scheduled for June 9, 2021 in connection with Plaintiff's breast cancer.

19.     However, because IVANOVA's doctors suspected that Plaintiff may have suffered a heart attack on June 7, 2021, IVANOVA underwent further testing on or around June 7, 2021 at the emergency room at Memorial Hospital while Plaintiff was at the hospital for a total of approximately seven (7) hours.

20.     IVANOVA promptly notified Hector Pachon on June 7, 2021 that Plaintiff was at the hospital undergoing testing because her doctors believed Plaintiff may have suffered a heart attack.

21.     On June 8, 2021, IVANOVA also notified Hector Pachon that the operation Plaintiff was scheduled to have on June 9, 2021 had been cancelled and IVANOVA requested that Mr. Pachon put Plaintiff on the schedule to work on June 9, 2021.

22.     However, Hector Pachon advised IVANOVA on June 8, 2021 that Plaintiff could not work again until Plaintiff first spoke with Mr. Pachon in person.

23.     Later on June 8, 2021 when IVANOVA returned to the CATALINA HOTEL to meet with Hector Pachon in person, Mr. Pachon told Plaintiff that she had to resign from her employment with Defendants' because of IVANOVA's health condition, in response to which

IVANOVA expressly objected to what Plaintiff believed was disability/handicap discrimination by Defendants against IVANOVA.

24. Likewise, on June 9, 2021, IVANOVA complained directly to Hector Pachon that she believed she'd been discriminated against by Defendants and had been illegally forced to resign from her job with Defendants because of her health condition, but Mr. Pachon did not respond to IVANOVA.

25. On June 10, 2021, IVANOVA submitted a written, internal discrimination complaint to SOUTH BEACH GROUP HOTELS INC.'s Human Resources Director, Cristiane Barbosa, at the corporate e-mail address christiane.barbosa@southbeachgroup.com reporting that Plaintiff's employment was terminated when Mr. Pachon forced Plaintiff to submit a resignation because of her medical condition.  See Exhibit A.

26. Similarly, IVANOVA also complained on June 10, 2021 to Chris Rollins, Defendants' Chief Operating Officer of SOUTH BEACH GROUP HOTELS INC., about what Plaintiff believed was the illegal termination of her employment based upon disability/handicap discrimination against Plaintiff.

27. However, CATALINA failed to take remedial action to address the discrimination against IVANOVA and Defendants did not resolve Plaintiff's internal discrimination complaints.

28. Instead, on June 11, 2021, Cristiane Barbosa replied to IVANOVA from the corporate e-mail address christiane.barbosa@southbeachgroup.com asserting that Defendants had "executed discretion" in terminating IVANOVA's employment as follows:

"Thank you for your email. I received your resignation letter on Tuesday. When I received it I questioned the Manager and was told that your performance was not up to the expected standards as a Manager at Catalina Hotel. Since you are under the 90 day probationary period, the company executed its discretion in terminating your employment. Based on your email, I will disregard your resignation letter. I apologize if you felt coerced by your manager. I will absolutely address this matter

with him. However, as mentioned before, based on the 90 day probationary period policy, your employment has ceased."

See Exhibit A.

29.     CATALINA's termination of IVANOVA's employment in June 2021 was based upon IVANOVA's disability/handicap, and/or was because of IVANOVA's exercise of her rights to object to disability/handicap discrimination, all in violation of the ADA and FCRA.

30.     The reasons proffered and relied upon by CATALINA for terminating IVANOVA's employment were false and known to be false by Defendants and instead were a pretext for unlawful disparate treatment and disability/handicap discrimination and retaliation against IVANOVA in violation of the ADA and FCRA.

**EXHAUSTION OF ADMINISTRATVIE REMEDIES**

31.     On September 29, 2021, IVANOVA filed a Charge of Discrimination against CATALINA with the United States Equal Employment Opportunity Commission (EEOC) and Florida Commission for Human Relations (FCHR), EEOC Charge No. 510-2021-06977, alleging that she had been subjected to disability/handicap discrimination as well as retaliation in violation of the ADAAA and FCRA.  A copy of IVANOVA's Charge of Discrimination is attached hereto as Exhibit A.

32.     On or around March 25, 2022, IVANOVA received Dismissal and Notice of Suit Rights issued by the EEOC to IVANOVA in connection with Charge No. 510-2021-06977, a copy of which RTS Notice is attached hereto as Exhibit B.

33.     As of June 14, 2022, more than One Hundred and Eighty (180) days have passed since the filing of IVANOVA's Charge of Discrimination on September 29, 2021 and the FCHR did not issue any determination concerning IVANOVA's Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine

whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," IVANOVA has exhausted all administrative remedies under Florida as well as Federal law.

34.     IVANOVA's Complaint in this action is being filed with the Court on June 14, 2022 within Ninety (90) days of IVANOVA's of the EEOC's Dismissal and Notice of Suit Rights for Charge No. 510-2021-06977.

35.     All conditions precedent to the institution of this action have either occurred or been waived.

**COUNT I**
**DISABILITY DISCRIMINATION IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT**

Plaintiff, MARINA IVANOVA, reasserts and reaffirms the allegations of Paragraphs 1 through 35 as if fully set forth herein and further states that this is an action against SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC for disparate treatment and disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553. ("ADAAA").

36.     The Americans with Disabilities, the ADA and ADAAA, 42 U.S.C. §12112(a), prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

37.     At all times material to this action, IVANOVA suffered from breast cancer which affected, *inter alia*, Plaintiff's hemic, lymphatic, and immune systems during IVANOVA's employment with CATALINA between approximately April 2021 and June 2021.

38.     At all times material to this action, IVANOVA suffered from one or more  "physical impairments" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(h)(1), as a result of breast cancer, a physiological disorder or condition which affected (a) IVANOVA's hemic, lymphatic, and immune systems; and (b) one or more of IVANOVA's major bodily functions, including but not necessarily limited to the functioning of IVANOVA's hemic, lymphatic, and immune systems.

39.     At all times material to this action, IVANOVA was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i)(ii), including but not necessarily limited to the operation of a major bodily function including the functions of IVANOVA's hemic, lymphatic, and immune systems.

40.     Similarly, at all times material to this action, IVANOVA was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i), including but not necessarily limited to: (i) caring for oneself; (ii) performing manual tasks; (iii) reaching; and (iv) lifting.

41.     At all times material to this action, IVANOVA was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. §12102(1), because Plaintiff (a) suffered physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by CATALINA as a person with such impairments.

42.     At all times material to this action, IVANOVA had to endure substantial limitations as a result of Plaintiff's breast cancer and related medical condition(s) within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(j), because IVANOVA's medical condition(s) substantially limited Plaintiff's ability to perform one or more major life activities—including but

not necessarily limited to the functioning of IVANOVA's hemic, lymphatic, and immune systems—as compared to most people in the general population.

43.     At all times material to this action, IVANOVA was "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(A), because IVANOVA's breast cancer and related medical conditions constitute one or more actual physical impairments that substantially limit one or more of IVANOVA's major life activities.

44.     In addition, at all times material to this action, IVANOVA was also "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(C), because IVANOVA was regarded by CATALINA as having a physical impairment that substantially limited one or more of her major life activities as a result of IVANOVA's breast cancer and related medical condition(s).

45.     At all times material to this action, IVANOVA was a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job as a Front Office Manager for CATALINA between approximately April 2021 and June 2021 with or without reasonable accommodation by Defendants.

46.     At all times material to this action, IVANOVA was a "qualified individual with a disability" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(m) and 42 U.S.C. §12111(8), because IVANOVA possessed the requisite skill and experience to carry out her essential duties as a Front Office Manager for CATALINA between approximately April 2021 and June 2021, and IVANOVA likewise was capable of performing the essential functions of her job as Front Office Manager for Defendants despite IVANOVA's disability, with or without reasonable accommodation(s) by CATALINA.

47.     CATALINA terminated IVANOVA's employment in June 2021 because of IVANOVA's actual and/or perceived disability, namely breast cancer, in violation of 42 U.S.C. §12112(a).

48.     The reasons relied upon by CATALINA in June 2021 for terminating IVANOVA's employment were false and a pretext for discrimination against IVANOVA because of her disability in violation of 42 U.S.C. §12112(a).

49.     CATALINA knowingly and willfully engaged in conduct prohibited by the ADA and ADAAA against IVANOVA because of her disability so as to discourage, dissuade and/or otherwise dishearten IVANOVA.

50.     IVANOVA's actual and/or perceived disability was a motivating factor in CATALINA's decision to terminate IVANOVA's employment in June 2021, in violation of 42 U.S.C. §12112.

51.     CATALINA's violations of the ADA and ADAAA were intentional and were done with malice or reckless indifference to IVANOVA's rights guaranteed under the laws of the United States.

52.     IVANOVA has suffered lost earnings, emotional distress, loss of self-esteem and damages as a direct result of CATALINA's violations of the ADA and ADAAA.

53.     IVANOVA has retained the undersigned counsel to represent her in this action and pursuant to 42 U.S.C. §12205, IVANOVA is entitled to recover her reasonable attorneys' fees and costs from CATALINA.

WHEREFORE, Plaintiff, MARINA IVANOVA, demands judgment against Defendants, jointly and severally, SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory

damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT II
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff, MARINA IVANOVA, reasserts and reaffirms the allegations of Paragraphs 1 through 35 as if fully set forth herein and further states that this is an action against SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC for Retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §12203, as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553.

54.     The Americans with Disabilities, ADA and ADAAA, 42 U.S.C. §12203(a), provides that: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this chapter."

55.     Similarly, the ADA and ADAAA also provide, 42 U.S.C. §12203(b), that it shall "be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or an account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

56.     At all times material to this action, IVANOVA was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. § 12102(1), because Plaintiff (a) suffered one or more physical impairments that substantially limited one or more major life activities, namely

Plaintiff's breast cancer; (b) had a record of such impairments; and/or (c) was regarded by CATALINA as a person with such impairments.

57.     IVANOVA was at all times material to this action a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job as a Front Office Manager for CATALINA between approximately April 2021 and June 2021 with or without reasonable accommodation.

58.     IVANOVA engaged in statutorily protected activity under the ADA and ADAAA during her employment with CATALINA by, *inter alia*, IVANOVA exercising or attempting to exercise or enjoy her rights under the ADA, including but not limited to: (a) IVANOVA seeking medical care in connection with Plaintiff's disability; (b) IVANOVA seeking partial time off from work at CATALINA for June 7-8, 2021 for Plaintiff's disability; (c) on June 9, 2021, IVANOVA objecting directly to and opposing Hector Pachon's disability discrimination; and (d) IVANOVA's June 10, 2021 internal discrimination complaints to SOUTH BEACH GROUP HOTELS INC.'s Human Resources Director, Cristiane Barbosa, and SOUTH BEACH GROUP HOTELS INC.'s Chief Operating Officer, Chris Rollins.

59.     CATALINA subjected IVANOVA to adverse employment action including but not necessarily limited to terminating Plaintiff's employment in June 2021 based upon discriminatory and/or pretextual grounds because of Plaintiff's disability and Plaintiff's good faith objections to Defendants' management about discrimination because of an actual or perceived disability, all because IVANOVA engaged in statutorily protected activity under the ADA and ADAAA.

60.     CATALINA's retaliatory actions against IVANOVA constitute violations of the ADA and ADAAA, which prohibits employers from discriminating against an individual because he has opposed any act or practice made unlawful under the ADA/ADAAA, 42 U.S.C. §12203(a),

and also prohibits employers from coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of rights under the ADA/ADAAA on account of her having exercised or enjoyed or attempted to exercise or enjoy such rights, 42 U.S.C. §12203(b).

61.     CATALINA's termination of IVANOVA's employment in June 2021 was unlawful retaliation in violation of 42 U.S.C. §12203 because of Plaintiff's exercise of rights under the ADA and Plaintiff's good faith objections to and complaints about CATALINA's disparate treatment and disability discrimination against her, in violation of the ADA.

62.     The fact that IVANOVA engaged in activity protected by the ADA was a motivating factor in CATALINA's termination of Plaintiff's employment in June 2021, in violation of 42 U.S.C. §12203.

63.     The reasons relied upon by CATALINA in June 2021 for terminating IVANOVA's employment were a pretext for unlawful retaliation against IVANOVA in violation of 42 U.S.C. §12203.

64.     As a direct and proximate result of CATALINA's unlawful retaliation against IVANOVA in violation of the ADA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial.

65.     CATALINA's retaliatory actions in violation of the ADA caused IVANOVA to suffer damages including  emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66.     CATALINA's actions were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for, IVANOVA's federally protected rights under the ADA, as a result of which Plaintiff is entitled to punitive damages from Defendants.

67.     Pursuant to 42 U.S.C. §12205, IVANOVA is entitled to recover her reasonable attorneys' fees and costs from CATALINA as a result of Defendants' violations of the ADA's anti-retaliation provisions.

WHEREFORE, Plaintiff, MARINA IVANOVA, demands judgment against Defendants, jointly and severally, SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT III**
**VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT,**
**F.S. §760.10  - DISCRIMINATION BASED ON HANDICAP**

Plaintiff, MARINA IVANOVA, reasserts and reaffirms the allegations set forth in paragraphs 1 through 35 above and further states that this is an action against SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC for handicap discrimination in violation of the Florida Civil Rights Act, F.S. §760.10 *et seq.*

68.     Florida Statutes §760.10(1)(a) provides that: "It is unlawful employment practice for an employer:  To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, **handicap**, or marital status." Id. (emphasis added).

69.     At all times material to this action, IVANOVA was an "aggrieved person" within the meaning of the FCRA, F.S. §760.02(10).

15

70.     Despite the facts that IVANOVA satisfactorily performed her essential duties as Front Office Manager for CATALINA between approximately April 2021 and June 2021 and that IVANOVA was still qualified in June 2021 to work as a Front Office Manager for CATALINA, Defendants unlawfully terminated IVANOVA in June 2021 because of Plaintiff's handicap, in violation of F.S. §760.10(1).

71.     CATALINA knowingly and willfully discriminated against IVANOVA in June 2021 because of Plaintiff's handicap, in violation of F.S. §760.10(1), when CATALINA terminated Plaintiff's employment based upon Plaintiff's breast cancer and related medical conditions.

72.     At all times material to this action, IVANOVA suffered from a chronic and/or permanent medical condition as a result of breast cancer and related medical condition(s), which condition(s) constitute an actual or perceived "handicap" within the meaning of the FCRA, as IVANOVA's condition was chronic and involved physical problems including but not necessarily limited to the functioning of IVANOVA's hemic, lymphatic, and immune systems.

73.     At all times material to this action, IVANOVA was a qualified individual with a handicap within the meaning of the FCRA because IVANOVA  possessed the requisite skill and experience to carry out her duties as a Front Office Manager for CATALINA and IVANOVA likewise was capable of performing the essential functions of her job despite Plaintiff's handicap, with or without reasonable accommodation(s) by CATALINA.

74.     CATALINA knowingly and willfully engaged in conduct prohibited by the Florida Civil Rights Act against IVANOVA because of Plaintiff's handicap so as to discourage, dissuade and/or otherwise dishearten IVANOVA.

75.     When CATALINA terminated IVANOVA's employment in June 2021, a motivating factor behind Plaintiff's termination was IVANOVA's handicap, in violation of F.S. §760.10(1)(a) & (b).

76.     The reasons relied upon by CATALINA in June 2021 for terminating IVANOVA's employment were false and a pretext for discrimination against IVANOVA because of her handicap in violation of F.S. §760.10(1).

77.     CATALINA's violations of F.S. §760.10 were intentional and were done with malice and reckless disregard for IVANOVA's rights as guaranteed under the laws of the State of Florida, such that IVANOVA is entitled to punitive damages from CATALINA pursuant to F.S. §760.11(5).

78.     Pursuant to F.S. §760.11(5), IVANOVA is entitled to recover her reasonable attorneys' fees and costs from CATALINA as a result of Defendants' violations of the FCRA.

WHEREFORE, Plaintiff, MARINA IVANOVA, demands judgment against Defendants, jointly and severally, SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, MARINA IVANOVA, reasserts and reaffirms the allegations set forth in paragraphs 1 through 35 above and further states that this is an action against SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

79.     Pursuant to the Florida Civil Rights Act (FCRA), F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

80.     At all times material to this action, IVANOVA was an "aggrieved person" within the meaning of the FCRA, F.S. §760.02(10).

81.     IVANOVA engaged in statutorily protected activity within the meaning of the Florida Civil Rights Act during her employment with CATALINA by, *inter alia*:  (a) IVANOVA seeking medical care in connection with Plaintiff's handicap; (b) IVANOVA seeking partial time off from work at CATALINA for June 7-8, 2021 for Plaintiff's handicap; (c) on June 9, 2021, IVANOVA objecting directly to and opposing Hector Pachon's handicap discrimination; and (d) IVANOVA's June 10, 2021 internal discrimination complaints to SOUTH BEACH GROUP HOTELS INC.'s Human Resources Director, Cristiane Barbosa, and SOUTH BEACH GROUP HOTELS INC.'s Chief Operating Officer, Chris Rollins.

82.     CATALINA subjected IVANOVA to adverse employment action and retaliation because of Plaintiff's protected activity under the Florida Civil Rights Act, including, *inter alia*, terminating IVANOVA's employment in June 2021 based upon false and/or pretextual grounds because of Plaintiff's exercise of her rights under the FCRA and Plaintiff's good faith objections and complaints to Hector Pachon and Christiane Barbosa about CATALINA's discrimination against Plaintiff because of an actual or perceived handicap, all in violation of F.S. §760.10(7).

83.     CATALINA's termination of IVANOVA's employment in June 2021 was unlawful retaliation in violation of the Florida Civil Rights Act because of Plaintiff's exercise of

her rights under the FCRA and Plaintiff's good faith objection to CATALINA's disparate treatment and discrimination, in violation of F.S. §760.10(7).

84.     The fact that IVANOVA engaged in activity protected by the FCRA was a motivating factor in CATALINA's termination of Plaintiff's employment in June 2021, in violation of F.S. §760.10(7).

85.     The reasons relied upon by CATALINA in June 2021 for terminating IVANOVA's employment were a pretext for unlawful retaliation against IVANOVA in violation of F.S. §760.10(7).

86.     CATALINA's violations of §760.10 were intentional and were done with malice and reckless disregard for IVANOVA's rights as guaranteed under the laws of the State of Florida, such that IVANOVA is entitled to punitive damages from CATALINA pursuant to F.S. §760.11(5).

87.     IVANOVA has suffered lost earnings, emotional distress, loss of self-esteem and damages as a direct result of CATALINA's violations of F.S. §760.10(7).

88.     Pursuant to F.S. §760.11(5), IVANOVA is entitled to recover her reasonable attorneys' fees and costs from CATALINA as a result of CATALINA's violations of the FCRA.

WHEREFORE, Plaintiff, MARINA IVANOVA, demands judgment against Defendants, jointly and severally, SOUTH BEACH GROUP HOTELS INC. and CATALINA HOTEL, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## <u>JURY TRIAL DEMAND</u>

MARINA IVANOVA demands trial by jury on all issues so triable.


Dated:  June 14, 2022                  Respectfully submitted,

By:    **<u>s/KEITH M. STERN</u>**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  <u>employlaw@keithstern.com</u>
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33132
Telephone:  (305) 901-1379
Facsimile:  (561) 288-9031
Attorneys for Plaintiff

# EXHIBIT A

---------- Forwarded message ---------
From: **Cristiane Barbosa** <cristiane.barbosa@southbeachgroup.com>
Date: Fri, Jun 11, 2021 at 12:01 AM
Subject: Re: from Marina Ivanova ( Catalina Hotel)
To: Marina Ivanova <marinaivanova0506@gmail.com>

Hello Marina,

Thank you for your email. I received your resignation letter on Tuesday. When I received it I questioned the Manager and was told that your performance was not up to the expected standards as a Manager at Catalina Hotel. Since you are under the 90 day probationary period, the company executed it's discretion in terminating your employment.
Based on your email, I will disregard your resignation letter. I apologize if you felt coerced by your manager. I will absolutely address this matter with him.
However, as mentioned before, based on the 90 day probationary period policy, your employment has ceased.

   Cristiane Barbosa
**Human Resources Director**

p: (305) 535 8284 Ext 3028 p/f: (305) 901 5446
a: 855 Collins Ave Miami Beach, FL 33139
e: Cristiane.Barbosa@southbeachgroup.com

On Thu, Jun 10, 2021 at 12:17 AM Marina Ivanova <marinaivanova0506@gmail.com> wrote:
Hello MS Barbosa. I felt tempted to send you this email, because I still am shaken, and shocked about what took place in your office yesterday.
I have operation scheduled on June 9 and because I didn't pass EKG ( they suspected heart attack) test I been places in ER for additional check. .They didn't confirm heart attack and I went home but they cancel my operation. I send Hector text message that my operation is cancelled and ask him to put me back to the schedule. He insist what I have to talk to him first.
My General manager made me sign the letter that stated that I want to quit my job. I am very sad and upset that even after me begging you that I need this job to provide for my child, even after finding out that I am seriously sick, you decided to fire me. I have been working in this company for almost 2 months. I never had any negative feedback from you or my other supervisors. I excel at my job, I am one of the top performers and constantly show up to work on time and leave at a designated hour. My excellent track

record and strong work ethic was the reason why you have offered me this position in the first place, while I was employed at my previous position. I am very concerned that you decided to terminate me by putting pressure on me, didn't want to listen to my arguments because I am experiencing medical emergency. I am letting you know, that the letter you forced me yesterday 5 pm in his office,  Tuesday , June 8th, 2021 was not signed by me voluntary, but under intense pressure and harassment.

Looking forward for your reply

Marina Ivanova

# EXHIBIT B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA | |
| | ☐ EEOC | 510-2021-06977 |

| Florida Commission on Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Marina Ivanova | ▆▆▆▆▆ | |

| Street Address | City, State and ZIP Code | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No Employees, Members | Phone No (Incl Area Code) |
|---|---|---|
| South Beach Group Hotels Inc. | 15+ | (305) 535-8284 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 855 Collins Avenue | Miami Beach, Florida 33139 | |

| Name | No Employees, Members | Phone No (Incl Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code | |
|---|---|---|

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest          Latest
                  Jun 11, 2021

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

In late April 2021, I was hired by Respondent as Front Office Manager at the Catalina Hotel in Miami Beach based upon an annual salary of approximately $50,000 per year. During my first week of employment with Respondent, I was diagnosed with breast cancer.

Between April 2021 and early June 2021, I satisfactorily performed my duties as Front Office Manager for Respondent. On or around June 7, 2021, I underwent testing in advance of an outpatient surgery scheduled for June 9, 2021 in connection with my breast cancer. However, because the doctors suspected that I may have suffered a heart attack, I underwent further testing on June 7, 2021 at the emergency room at Memorial Hospital. I notified my director supervisor, Respondent's General Manager, Hecto Pachon, on June 7, 2021 that I was at the hospital undergoing testing because the doctors believed I may have suffered a heart attack.

On June 8, 2021, I also notified Mr. Pachon that the operation I was scheduled to have on June 9th had been cancelled and I requested that Mr. Pachon put me on the schedule to work on June 9, 2021. However, Mr. Pachon advised me that I could not work until I first spoke with him in person. Later on June 8, 2021 when I returned to the Catalina Hotel to meet with Mr. Pachon, I was told that I had to resign from my employment with Respondent because of my health condition.

On June 9, 2021, I complained directly to Mr. Pachon that I believed I'd been discriminated against and forced to resign because of my health condition, but Mr. Pachon did not respond to me. On June 10, 2021, I submitted an internal discrimination complaint to Respondent's Human Resources Director, Cristiane Barbosa, reporting that my employment was terminated when Mr. Pachon forced me to submit a resignation because of my medical condition, but Respondent failed to take remedial action to address the discrimination against me. On June 11, 2021, Ms. Barbosa replied to me in writing asserting that the company exercised its discretion to terminate me.

I believe Respondent subjected me to disparate treatment and discrimination because of an actual or perceived disability and retaliated against me culminating in the unlawful termination of my employment in June 2021 because of a disability and/or because I exercised my rights for my disability, all in violation the Americans with Disabilities Act and Florida Civil Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State or Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Sep 29, 2021 *(signature)* Marina Ivanova (Sep 29, 2021 11:47 EDT) Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Case 1:22-cv-21825-XXXX   Document 1-5 Entered on FLSD Docket 06/14/2022   Page 26 of 32

# Ivanova Marina EEOC Charge - for Signature

**510-2021-06977**

**Final Audit Report** 2021-09-29

| | |
|---|---|
| Created: | 2021-09-29 |
| By: | Keith Stern (employlaw@keithstern.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAj7dXJCBIIt3iL_jl9ozgABWyNmM-h0Yg |

## "Ivanova Marina EEOC Charge - for Signature" History

 Document created by Keith Stern (employlaw@keithstern.com)
2021-09-29 - 3:32:55 PM GMT- IP address: 76.108.235.148

 Document emailed to Marina Ivanova (marinaivanova0506@gmail.com) for signature
2021-09-29 - 3:38:50 PM GMT

 Email viewed by Marina Ivanova (marinaivanova0506@gmail.com)
2021-09-29 - 3:45:21 PM GMT- IP address: 66.249.88.249

 Document e-signed by Marina Ivanova (marinaivanova0506@gmail.com)
Signature Date: 2021-09-29 - 3:47:42 PM GMT - Time Source: server- IP address: 172.58.175.196

 Agreement completed.
2021-09-29 - 3:47:42 PM GMT

 Adobe Sign

# EXHIBIT C

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St ,Suite 1500
Miami ,Florida ,33131
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/16/2022

**To:** Ms. Marina Ivanova

Charge No: 510-2021-06977

EEOC Representative and email:          Donn Dernick
                                        Investigator
                                        Donn.Dernick@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2021-06977.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St ,Suite 1500
Miami ,Florida ,33131
(800) 669-4000
Website: www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By:Roberto Chavez
03/16/2022

Roberto Chavez
Acting Director

**Cc:**
Chris Rollins
Chief Operating Officer
SOUTH BEACH GROUP HOTELS, INC.
Chris.rollins@southbeachgroup.com

Keith M Stern
Attorney at LawLAW OFFICE OF KEITH M. STERN, P.A.
kms@workingforyou.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

We recommend that you and your attorney (if you retain one) review the resources at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 510-2021-06977 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500 Miami, FL 33131. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.